**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

**In re:**

**ROGERS A. FOSTER,** **CHAPTER 13**

**DEBTOR.** **CASE NO. 19-70763-SCS**

**WELLS FARGO BANK, N.A.,**

**MOVANT,**

**vs.**

**ROGERS A. FOSTER**
**and R. CLINTON STACKHOUSE, JR., TRUSTEE,**

**RESPONDENTS.**

**ORDER GRANTING MODIFICATION OF STAY**

The Motion of the Movant, Wells Fargo Bank, N.A., to amend the Automatic Stay having been properly served, and upon agreement by Counsel,

It appears that Debtor is in possession of a certain real property located at 218 Crown Arch, Suffolk, VA 23435, and more particularly described as follows:

**ALL THAT CERTAIN LOT, PIECE OR PARCEL OF LAND, WITH THE BUILDINGS AND IMPROVEMENTS THEREON AND THE APPURTENANCES THEREUNTO BELONGING, LYING, SITUATE AND BEING IN THE CITY OF SUFFOLK, VIRGINIA, AND KNOWN, NUMBERED AND DESIGNATED AS LOT 85, AS SHOWN ON THAT CERTAIN PLAT ENTITLED "SUBDIVISION PLAT OF SUFFOLK MEADOWS PHASE TWO, NANSEMOND BOROUGH, SUFFOLK, VIRGINIA", DATED MARCH 3, 2000, AND MADE BY SURVEY ASSOCIATES, LTD., LAND ENGINEERING CONSTRUCTION SURVEYING CHESAPEAKE, VIRGINIA 23321, WHICH PLAT IS DULY OF RECORD IN THE CLERK©S OFFICE OF THE CIRCUIT COURT OF THE CITY OF SUFFOLK, VIRGINIA, IN PLAT CABINET 3, SLIDES 26-D, 26-E, 27-A, 27-B AND 27-C, REFERENCE TO WHICH IS HEREBY MADE FOR A MORE PARTICULAR DESCRIPTION OF THE SUBJECT PROPERLY.**

**Commonly known as: 218 Crown Arch, Suffolk VA 23435**
**Tax ID: <redacted>**

Upon consideration of the foregoing, it is **ORDERED**:

D. Carol Sasser, Esquire
Counsel for Movant
Samuel I. White, P.C.
Bar No. 28422
596 Lynnhaven Parkway
Suite 200
Virginia Beach, VA 23452
(757) 490-9284
File No. 67616

1. Debtor will resume making all future regular monthly installment payments in the amount of $1,730.03, pending further notice from the mortgage company, as they become due commencing January 1, 2020.

2. Debtor will cure any arrearage currently due to the Movant for the months of August 1, 2019 through December 1, 2019, in the total amount of $8,416.46, which arrears were calculated as follows:

| Number of Missed Payments | From | To | Monthly Payment Amount | Total Missed Payments |
|---|---|---|---|---|
| 1 | 08/01/2019 | 08/01/2019 | $1,473.78 | $1,473.78 |
| 4 | 09/01/2019 | 12/01/2019 | $1,730.03 | $6,920.12 |
| NSF Fee: | | | | $30.00 |
| Less partial payments (suspense balance): | | | | ($7.44) |
| | | | Total Payments: | $8,416.46 |

a. The arrearage amount set forth herein is contingent upon the sufficient clearing of any previously applied post-petition funds.

b. Payment in the amount of $5,000.00 to be received by lender on or before December 31, 2019, the source of these cure funds being from USAA insurance proceeds on a total loss of Debtor's Toyota Tacoma.

c. The source of the remaining cure funds will be from Debtor taking on additional monthly truck driving trips, with the rate of pay varying upon the trip, with such additional work to be undertaken only for the cure period anticipated by this order, and with such extra monthly work to be taken to be sufficient for the cure payment amount each month.

d. Payment in the amount of $569.41 to be received by lender on or before January 15, 2020.

e. Payment in the amount of $569.41 to be received by lender on or before February 15, 2020.

f. Payment in the amount of $569.41 to be received by lender on or before March 15, 2020.

g. Payment in the amount of $569.41 to be received by lender on or before April 15, 2020.

h. Payment in the amount of $569.41 to be received by lender on or before May 15, 2020.

i. Payment in the amount of $569.41 to be received by lender on or before June 15, 2020.

j. All future payments made pursuant to the terms of this Order should be forwarded to the following address until further notice:

        Wells Fargo Home Mortgage
        PO Box 14507
        Des Moines, IA 50306

3. Should the Debtor fail to satisfy these conditions, the Movant will have relief from stay and may proceed forthwith to enforce its security agreement, subsequent to ten (10) days' Notice of Default to the Chapter 13 Trustee, Debtor and Counsel for Debtor. In the event Debtor fails to timely reinstate in accordance with any such Notice of Default, Relief will be automatic, with no further hearing or order required. In the event relief is granted, foreclosure proceedings may be commenced incident to state law. Further, Movant's counsel shall docket with the Court a disposition incident to such Notice of Default, either by verification that the Notice of Default has not been cured and relief has therefore been granted or by the withdrawal of the Notice of Default.

4. The automatic stay is modified to permit the Noteholder or servicing agent to send the Debtor any payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

5. Should the Debtor default pursuant to the terms contained herein, unless otherwise ordered by this Court, Movant shall be entitled to reasonable attorney's fees in an amount not to exceed $100.00 for the issuance of a Notice of Default, and additional attorney's fees not to exceed $200.00, for docketing of appropriate subsequent pleadings or correspondence incident to such Notice of Default.

6. Once the Debtor makes all of the stipulated payments during the cure period as required in the Order, then all mortgage payments, costs, fees and late charges will be deemed current from the date of the filing of the bankruptcy through December 1, 2019.

7. In the event of a default which results in the granting of relief, upon the docketing of verification of such default, the Chapter 13 Trustee will be relieved of any and all obligation to remit payment incident to the arrearages set forth in the Proof of Claim filed by the Movant.

8. Time is of the essence; all future monthly payments must be timely received; a check returned by the bank for any reason is deemed a violation.

9. In the event of Discharge, Dismissal or Conversion, the re-payment terms contained herein shall no longer be applicable.

10. It is additionally acknowledged that by endorsement of this Order, Counsel for Debtor hereby represents that Debtor has been advised of the terms of the agreement as set forth in this Order.

11. The Movant shall promptly notify the Chapter 13 Trustee in writing of the

results of any foreclosure of the subject property and pay to the Chapter 13 Trustee any excess funds received from such sale, to be disbursed upon further order of the Court.

12. The fourteen (14) day stay mandated by FRBP 4001(a)(3) is hereby waived and the terms of this Order are immediately enforceable.

DATED: Dec 23 2019

/s/ Frank J. Santoro

UNITED STATES BANKRUPTCY JUDGE

**NOTICE OF JUDGMENT OR ORDER**
**Entered on Docket**

12/26/19

I ask for this:
By: /s/ D. Carol Sasser
D. Carol Sasser, Esquire, Bar No. 28422
Samuel I. White, P.C.
596 Lynnhaven Parkway
Suite 200
Virginia Beach, VA 23452
Tel.: (757) 490-9284
Fax: (757) 490-8143
dsasser@siwpc.com
Counsel for Wells Fargo Bank, N.A.

Seen and Agreed:

/s/ Nathaniel Webb
Nathaniel Webb
Counsel for Debtor
708-C Thimble Shoals Blvd.
Newport News, VA 23606-4547

Seen:

/s/ Kelly M. Barnhart for:
R. Clinton Stackhouse, Jr.
Chapter 13 Trustee
7021 Harbour View Boulevard
Suite 101
Suffolk, VA 23435
Case No. 19-70763-SCS

CERTIFICATE OF SERVICE

      I hereby certify that this proposed Order has been endorsed by all necessary parties involved in this proceeding.

                By: /s/ D. Carol Sasser
                D. Carol Sasser, Esquire
                Samuel I. White, P.C.

The Clerk shall mail a copy of the entered Order to the following:

R. Clinton Stackhouse, Jr.
Chapter 13 Trustee
7021 Harbour View Boulevard
Suite 101
Suffolk, VA 23435

Nathaniel Webb
Counsel for Debtor
708-C Thimble Shoals Blvd.
Newport News, VA 23606-4547

Rogers A. Foster
Debtor
218 Crown Arch
Suffolk, VA 23435